Town of Newport et al.,

*v.*

Anderson H. Webb.

446 S.W.2d 683.

(*Knoxville,* September Term, 1969.)

Opinion filed October 31, 1969.

J. Kenneth Porter, Newport, for Anderson H. Webb; Porter & Porter, Newport, of counsel.

J. H. Hodges, Knoxville, for U. S. Fidelity & Guaranty Co.

G. P. Gaby, Greeneville, for Hartford Accident & Indemnity Co.; Milligan, Silvers & Coleman, Greeneville, of counsel.

Mr. Justice McCanless delivered the opinion of the Court.

The petitioner, Anderson H. Webb, sustained a right inguinal hernia on February 22, 1965, under circum-

stances creating liability under the Workmen's Compensation Law against the Town of Newport and its insurer. United States Fidelity & Guaranty Company. The insurer offered the petitioner an operation to correct the hernia, but he declined it. Thereafter, about May 19, 1966, the petitioner suffered another injury that enlarged the hernia and again the insurer offered him an operation but again he declined it until about May 2, 1967, when Dr. Drew Mims operated on him.

On October 19, 1967, nearly four months after the operation, the petitioner while engaged in the performance of his duties, strained himself again and Dr. Mims found that he had suffered an inguinal hernia at the sight of the previous one.

The United States Fidelity & Guaranty Company had been the Town of Newport's Workmen's Compensation insurance carrier on February 22, 1965, and continuously thereafter until May 22, 1966, when it ceased to be the carrier. After May 26, 1966, the Hartford Accident & Indemnity Company carried the insurance. The controversy is between the two insurance companies, each insisting that it is not liable for the payment of the amounts due the petitioner for his disability. Nothing else is before this Court.

■ Dr. Mims testified that he performed the operation to correct the hernia and that the operation did, in fact, correct it, but that because of the petitioner's weak tissues they "broke down" and there was a recurrence of the hernia. The Circuit Judge found this hernia to be a new one and not merely a continuation of the first one, and it is our opinion that this finding was supported by competent evidence and is binding on this Court.

We consider that the following quotation from *Baxter v. Smith*, 211 Tenn. 347, 364 S.W.2d 936, is pertinent to the facts of this case:

"The rule then in Tennessee is that an employer takes an employee as he finds him. He is liable for disability resulting from injuries sustained by an employee arising out of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case."

We hold, also, that an insurer "takes an employee as he finds him" and in this case the Hartford Accident & Indemnity Company must be held to be liable to the petitioner for the hernia of October 19, 1967, and the disability which has resulted from it.

The judgment of the Circuit Court is affirmed. The costs are adjudged against the Hartford Accident & Indemnity Company.

DYER, CHIEF JUSTICE, CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.