SEARS, ROEBUCK AND CO.,
Appellant,

v.

The BISHOP AND BABCOCK MANU-
FACTURING COMPANY,
Appellee.

The BISHOP AND BABCOCK MANU-
FACTURING COMPANY,
Appellant,

v.

SEARS, ROEBUCK AND CO.,
Appellee.

Nos. 12586, 12587.

United States Court of Appeals
Sixth Circuit.
April 19, 1956.

Philip T. Dalsimer, New York City, Haynes Johnson, David Kane, Kane, Dalsimer & Kane, New York City, Allan Hull, Harrison, Spangenberg & Hull, Cleveland, Ohio, on the brief, for Sears, Roebuck and Co.

Arthur H. Boettcher, Chicago, Ill., Arthur C. Johnson, Brown, Jackson, Boettcher & Dienner, Chicago, Ill., John T. Scott, M. B. & H. H. Johnson, Cleveland, Ohio, on the brief, for The Bishop and Babcock Mfg. Co.

Before ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This is the second controversy that has come to this court for adjudication appertaining to Mayo Patent, No. 2,322,041, for a combination automobile heater and windshield defroster.

On appeal to our court from a declaratory judgment, we held that Claims 1, 2, 3, 4, 5, 7, 8, 9, 10 and 12 of the Mayo patent were valid and infringed and that Claim 6 was invalid because too broad. Excel Auto Radiator Co. v. Bishop and Babcock Manufacturing Co., 6 Cir., 167 F.2d 962 certiorari denied 335 U.S. 823, 69 S.Ct. 46, 93 L.Ed. 377. Our opinion pointed out that, although it was old to heat the passenger compartment of an automobile with air warmed by the heat of the engine, radiated by the propulsion fan and moving in a single path; and, while it was also old to convey heated air to the windshield of an automobile for the purpose of defrosting it, "the Mayo device is a highly integrated unit operated by a single motor which produces two currents of heated air directed simultaneously in different directions, the elements coacting in performing the functions of both heater and defroster", resulting in a new combination. 167 F. 2d 966.

In the subsequent action—brought by the assignee, The Bishop and Babcock Manufacturing Company, of which the inventor, Mayo, is president—for alleged infringement of Mayo Patent No. 2,322,041, the plaintiff sought an injunction and an accounting. The defendant challenged the patentability of the Mayo device as not amounting to invention and for the alleged reason that the prior art disclosed anticipation of all the essential elements of the patent. Further defense was interposed because of alleged unreasonable delay and laches. With his customary painstaking study of the issues involved, our late lamented brother, District Judge Freed, made a careful analysis of the issues presented in the light of the opinion of this court in Excel v. Bishop and Babcook Manufacturing Co., supra.

The distinguished jurist held that the plaintiff is entitled to have Letters Patent No. 2,322,041 decreed to be valid and infringed by defendant's devices, No. 7762 and No. 7763; but that defendant's accused device No. 7733 does not infringe the aforementioned patent. An injunction against use of the two first-mentioned devices was ordered; likewise, an accounting before a master was ordered, to ascertain the damage sustained by the plaintiff from the sale and distribution of the accused devices, Nos. 7762 and 7763. The plaintiff was enjoined, however, from hereinafter asserting infringement in respect of the accused device No. 7733. Bishop and Babcock Manufacturing Co. v. Sears, Roebuck & Co., D.C.N.D.Ohio, 125 F. Supp. 528.

Inasmuch as this court has, in a published opinion, already presented its reasons for holding that the Mayo patented heater and defroster meets all requirements of a patentable combination in considering all the claims and elements involved, it is considered unnecessary to repeat our reasoning here. The district judge correctly interpreted our former opinion. We hold, further, that, for the reasons stated in the opinion of the district judge, he was correct in holding that the accused device does not infringe the plaintiff's patent.

The judgment of the district court is in all things affirmed.