Reece JOHNSON, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant and Third-Party
Plaintiff,

v.

Don H. SMITH, d/b/a Forest Hills Amaco
Service Center, David Warden and Lay-
ton Morgan, Third-Party Defendants.

Civ. A. No. 1797.

United States District Court
E. D. Tennessee,
Northeastern Division.

May 6, 1965.

Herbert Silvers and Charles R. Terry, Morristown, Tenn., for plaintiff.

J. H. Doughty, Knoxville, Tenn., for defendant General Motors Corp.

Walter Curtis, Greeneville, Tenn., for third-party defendants.

NEESE, District Judge.

The defendant and third-party plaintiff has made a motion for a summary judgment in its favor herein insofar as (1) the plaintiff's complaint undertakes to predicate his recovery on the theories of a breach of warranty and strict liability without a showing of negligence and (2) the third-party defendants seek to assert the defense of the Tennessee statute of limitations against the cause of action laid in the third-party complaint, T.C.A. sec. 28–304.

This is an action for personal injuries. *Inter alia,* the plaintiff pleaded the defendant's breach of an implied warranty under the Uniform Sales of Goods Act, T.C.A. secs. 47–1201 et seq., cf. General Motors Corporation v. Dodson, C.A.Tenn. (1960), 47 Tenn.App. 438, 338 S.W.2d 655, certiorari denied (1960). It is obvious that there was no privity of contract between the plaintiff and the defendant herein, unless both the defendant and its franchised dealer, which sold the motor vehicle involved to the plaintiff, had knowledge of the defect in the defendant's product. See Burkett v. Studebaker Bros. Manufacturing Co. (1912), 126 Tenn. 467, 150 S.W. 421, for the general rule.

Tennessee has not abolished the requirements of privity of contract under the Uniform Sales of Goods Act so as to define the rights, remedies and liabilities of a purchaser as against a manufacturer who is not his immediate vendor or a party to the contract of sale. Berry v. American Cyanamid Company, C.A. 6th (1965), 341 F.2d 14 [5], citing Kyker v. General Motors Corporation (1964), Tenn., 381 S.W.2d 884 [1, 2].

Accordingly, the motion of the defendant for a summary judgment against the plaintiff as to the first and second grounds therein hereby is granted, and items designated as 4 and 5 of the original complaint hereby are dismissed.

The accident out of which this action arose occurred on December 13, 1963. This action was instituted on July 10, 1964, but was defective in the matter of jurisdictional allegations. These defects were cured by proper amendments on December 12, 1964—one year after the accident. The defendant's answer was filed three days afterward, and the third-party complaint was then filed on January 20, 1965.

The ancillary rights of the third-party plaintiff herein are dependent on its liability to the plaintiff, which remains undetermined until the close of the principal action. Under any circumstances, the Tennessee statute of limitations, supra, could not possibly have begun to run against the third-party plaintiff before the effective filing of the principal action herein. Therefore, the third-party defendants are foreclosed from asserting such defense. Vaughn v. Terminal Transport Company, D.C.Tenn. (1957), 162 F.Supp. 647; cf. also Chamberlain v. McCleary, D.C.Tenn. (1963), 217 F.Supp. 591, 592 [1].

The motion of the third-party plaintiff for a summary judgment as to the third defense sought to be asserted against it by the third-party defendants, accordingly, hereby is granted, and the third defense of the third-party defendants hereby is stricken.