# WILLIAM M. BROOKS and wife, JEAN C. BROOKS, v. CARSON HONEYCUTT—408 S.W.(2d) 404.

Eastern Section, March 29, 1966.

Certiorari Denied by Supreme Court June 6, 1966.

Joseph W. Rogers, Knoxville, and Harrell & White, Tazewell, for appellant, Carson Honeycutt.

James D. Estep, Jr., Tazewell, for appellees, William M. Brooks and wife, Jean C. Brooks.

COOPER, J.   Carson Honeycutt has appealed from a decree of the Chancery Court of Claiborne County awarding William M. Brooks and wife, Jean C. Brooks, a judgment of $2,783.85, and enjoining the defendant from withdrawing funds due him from the Registry of the Circuit Court of Claiborne County until he had satisfied the judgment rendered in this cause.   Mr. Honeycutt insists that there is no general rule of law which would entitle the complainant to the relief sought, and that the evidence preponderates against the decree.

The development of the controversy between the parties is accurately stated in the "Brief Statement of the Case" filed by Carson Honeycutt. In the statement, it is pointed out that William M. Brooks entered into a contract with Carson Honeycutt whereby Honeycutt was to construct a house for Brooks, the contract price of the house being $15,500.00.

"While construction was in progress, Brooks advanced $10,000.00 to Honeycutt for labor and material.

"A disagreement arose between the parties on certain changes to be made, and the length of time it was taking to complete the house, so Brooks stopped the work and sued Honeycutt for breach of contract. Honeycutt denied any breach on his part and filed a cross-action claiming a breach on the part of Brooks.

"Certain laborers and materialmen who had not been yet paid, and not knowing which party was at fault sued both parties in Chancery Court to establish liens on the property.

"The Circuit Court found in favor of Honeycutt, and awarded him damages against Brooks for $5,000.00 for breach of contract.

"The Chancery Court found in favor of the laborers and materialmen and awarded a joint judgment against Brooks and Honeycutt for $5,430.90 and declared the same to be a lien on the property.

"Brooks paid both the Chancery judgment and the Circuit judgment, and brought this suit in an effort to force Honeycutt to pay one-half of the Chancery judgment out of the monies in the Registry of the Circuit Court."

Gibson's Suits in Chancery, 5th Edition, Section 1012, p. 264 points out that:

"Where two or more persons are bound by a common charge, not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound with him to

discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs. In a Court of Chancery equality is equity." See also Baxter v. Smith, 211 Tenn. 347, 364 S.W.2d 936; Restatement of Restitution, Sec. 81, p. 360; 18 Am.Jur. 2d, Contribution, Sec. 8, p. 16.

"The primary requisites of the equitable right to contribution and the obligation to contribute, and of the corresponding right and obligation at law, are (1) a situation wherein the parties are in aequali jure under some common obligation or burden, and (2) compulsory payment or other discharge, by the party seeking contribution, of more than his fair share of the common obligation or burden." 18 Am.Jur.2d, Contribution, Sec. 7, p. 16.

In the present case, as noted above, the complainant has paid the full contract price for the construction of his home, $10,000.00 being paid directly to the defendant during the course of construction, and $5,000.00 being paid in satisfaction of a judgment secured by the defendant in the circuit court for breach of the construction contract.

Defendant argues that the Chancery Court judgment resulted solely from the breach of the construction contract and that, as a consequence, the complainant would not be entitled to contribution. This argument overlooks two salient points. First, the judgment secured by the lien claimants resulted from the failure of the defendant to pay the men who expended labor and/or materials in the construction of complainants house at the request of and under contract with the defendant. Second, the complainant, by satisfying the judgment secured by the lien claimants, has paid the full contract

price, and it is this latter payment that complainant is seeking to subject to payment of the judgment secured by the lien claimants. It is probably true, as argued by the defendant, that the lien claimants would have been paid before suit if complainant had paid the balance due on the construction contract. However, such failure by the complainant would not relieve defendant of his primary duty to pay the lien claimants nor justify his collecting the money due under the contract and failing to apply it to payment of the judgment secured by the lien claimants.

Under these circumstances, we think the complainant, in paying the Chancery Court judgment secured by lien claimants, has paid more than his fair share of the common obligation or burden, and is entitled to recover contribution. Under the pleadings and complainant's theory of the case, this contribution is restricted to one-half of the amount paid in satisfaction of the judgment.

In the remaining two assignments of error, the defendant insists that the complainant "did not prove the only fact that he alleged to sustain the bill, i. e. that the defendant 'planned to ignore the joint judgments.' " With this we cannot agree for we think the evidence patently shows that the defendant not only intended to ignore the Chancery Court judgment, but intended to use the money in the Registry of the Circuit Court to pay personal notes held by two banks in the area. We are further of the opinion that to permit the defendant to make such use of money received as the result of the contract for the construction of complainant's house would cause unconscionable harm, and that the Chancellor acted properly in enjoining the defendant from withdrawing the money from the Registry of the Circuit Court

until he has paid the complainant one-half of the Chancery Court judgment.

The decree of the Chancellor is affirmed in all respects. Costs incident to this appeal are adjudged against the defendant, Carson Honeycutt, and his sureties.

McAmis, P. J., and Parrott, J., concur.