500 F.2d 617
 CITY OF KINGSPORT, TENNESSEE, et al., Plaintiffs, SCM
Corporation et al., Defendants-Plaintiff by
Counterclaim, Plaintiff by Cross-Claim-Appellant,
v.
STEEL AND ROOF STRUCTURE, INC., et al., Defendants by
Counterclaim-Appellees.
 No. 74-1056.
 United States Court of Appeals, Sixth Circuit.
 Argued June 5, 1974.
Decided Aug. 5, 1974.
 
 Arthur G. Seymour, Knoxville, Tenn., for appellant; F. Allan Kelly, Kingsport, Tenn., on brief.
 N. R. Coleman, Jr., Greeneville, Tenn., and James E. Brading, Johnson City, Tenn., for appellees; John A. Armstrong, Greeneville, Tenn., Herbert E. Barnard, St. Louis, Mo., and J. Paul Coleman, Johnson City, Tenn., on briefs.
 Before WEICK, PECK and MILLER,[1] Circuit Judges.
 WEICK, Circuit Judge.
 
 
 1
 SCM Corporation (SCM) has appealed from a summary judgment entered against it dismissing its counterclaim and cross claim for contribution and indemnity.
 
 
 2
 The controversy grew out of the construction of a high school building in Kingsport, Tennessee. The City of Kingsport was the owner of the property and had entered into a contract with Cassel Brothers, Inc. (Cassel), a general contractor, for the construction of the building.
 
 
 3
 After the building had been completed the City, the general contractor Cassel, and Johnson-Hilliard, Inc., the roofing subcontractor under Cassel, sued SCM and Special Coatings, Inc., (Special Coatings) for $350,000 damages, claiming that SCM had furnished defective roofing materials causing the roof on the building to leak.
 
 
 4
 SCM had sold the roof coatings to a distributor, who sold them to John A. Berggren Co., Inc. (Berggren) and Special Coatings. Berggren was a subcontractor whose job was to apply the SCM coatings. Before completion of the job Berggren was adjudicated bankrupt. Special Coatings then completed the application of the SCM coatings.
 
 
 5
 Plaintiffs sought recovery of damages from SCM and Special Coatings under a number of theories: (1) breach of express contract; (2) strict liability in tort; (3) misrepresentation; (4) breach of express and implied warranties; and (5) breach of a supplemental contract to provide a leak-free roof in consideration of refraining from suing on the original contract.
 
 
 6
 In its answer SCM pleaded that the plaintiffs' claim was barred by various Tennessee statutes of limitation. After answering, SCM filed a counterclaim for contribution and indemnity against Cassel, Johnson-Hilliard, and against additional defendants, Steel and Roof Structure, Inc. (Roof Structure), Bristol Pre-Stressed Concrete, Inc. (Bristol), and the architects, William Hamilton Wallace and J. Larry Poole, and a cross claim against its co-defendant, Special Coatings, and against St. Paul Fire and Marine Insurance Company, surety on Berggren's bond. Special Coatings filed a cross claim for contribution and indemnity against the architects Poole and Wallace.
 
 
 7
 Bristol was a subcontractor under Cassel. Its responsibility was to manufacture and install pre-stressed concrete in the roof structure on which the SCM roof coatings were placed. Roof Structure was also a subcontractor under Cassel, whose job was to install a dome structure over the gymnasium (the portion of the structure with the worst leakage problem).
 
 
 8
 SCM in its counterclaim, and Special Coatings in its cross claim, alleged that the defendants thereto performed their duties negligently and that they should share responsibility for loss occasioned by any defects in the roof.
 
 
 9
 The Court ordered that the contribution and indemnity issues be heard only after a determination of the principal case. A jury was impaneled to determine factual issues with respect to the statute of limitations defense.
 
 
 10
 The City had occupied the building since September, 1967; suit was not filed until early in 1971. The District Court ruled that the Tennessee three-year statute of limitations applied. T.C.A. 28-305. However, there was a question of whether SCM had induced plaintiffs to forbear bringing timely suit by making certain promises. This factual issue of forbearance and waiver by SCM of its defense under the statute of limitations was to be tried by the jury.
 
 
 11
 After two days of testimony on this issue the plaintiffs and defendants reached a settlement of the plaintiffs' claims. SCM agreed to pay the three plaintiffs $300,000. Special Coatings agreed to pay $15,000, and St. Paul Fire and Marine Insurance Company, surety on Berggren's bond, agreed to pay $35,000. By these payments the plaintiffs recovered the full amount prayed for in their complaint.
 
 
 12
 The plaintiffs' complaint was dismissed with prejudice, and the counterclaims and cross claim of SCM and Special Coatings for indemnification and contribution against Wallace, Poole, Bristol and Roof Structure, remained for determination.
 
 
 13
 These defendants filed motions to dismiss the counterclaims and cross claim, or for summary judgment. The District Court granted summary judgment on the ground that SCM and Special Coatings had pleaded in their answers to the complaint that plaintiffs' action was barred by the Tennessee statute of limitations, and held:
 
 
 14
 SCM and Coatings are now estopped to deny that the original claim is barred by the limiting statute.
 
 
 15
 . . . There is accordingly no basis for respective claims for indemnification or contribution. (Memo. Opin., Sept. 7, 1973).
 
 
 16
 SCM appealed to this Court; Special Coatings did not appeal. We reverse.
 
 
 17
 The decision of the District Court was based primarily on the substantive Tennessee law of estoppel. The Court also relied on Rule 11 of the Federal Rules of Civil Procedure.
 
 
 18
 We are of the opinion that the issue in this case relates to the type of pleading that may be permitted under the Federal Rules of Civil Procedure. Specifically, the question is whether Rule 8(e)(2) of the Federal Rules of Civil Procedure, which allows the pleading of inconsistent claims and defenses, permits SCM to plead as it did, and whether Rule 11 prevents such pleading. The law to be applied is federal procedural law. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).
 
 
 19
 Rule 8(e)(2) of the Federal Rules of Civil Procedure provides:
 
 
 20
 (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.
 
 
 21
 What SCM did in its pleading was to interpose the defense of the statute of limitations against the plaintiffs, and to ask for indemnification and contribution against Wallace, Poole, Bristol, and Roof Structure (appellees herein) should SCM be compelled to pay damages in the main suit.
 
 
 22
 This is certainly a form of pleading allowed specifically be Rule 8(e)(2) and inferentially permitted by the very concept of indemnity and contribution. There is nothing really even contradictory or inconsistent with the defenses pleaded. SCM sought indemnification only should their defenses fail.
 
 
 23
 The District Court held that by signing the original answer which raised the statute of limitations defense, Rule 11 now estopped SCM from denying that the original claim was barred by the relevant statute of limitations. In relevant part Rule 11 provides:
 
 
 24
 The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.
 
 
 25
 In our opinion SCM's pleading was not in violation of Rule 11. The issues of the statute of limitation and forbearance were largely factual issues for the jury to determine. Lawyers for SCM could well have had a 'belief there is good ground to support' a statute of limitation defense; and at the same time they may have had a similar good faith belief that they well might lose on their affirmative defense, in which event they would want to seek contribution or indemnity from those who they felt were responsible for their client's loss.
 
 
 26
 Federal cases where an estoppel has been found to bar a party from asserting a position contrary to that relied on in an earlier action, are cases where the party was successful in its initial reliance and tried to change positions in subsequent litigation. See Bishop & Babcock Mfg. Co. v. Sears, Roebuck & Co., 125 F.Supp. 528 (N.D.Ohio 1954), aff'd, 232 F.2d 116 (6th Cir. 1956); Jamison v. Garrett, 92 U.S.App.D.C. 232, 205 F.2d 15 (1953); Scarano v. Central Ry. of N.J., 203 F.2d 510 (3d Cir. 1953).
 
 
 27
 In the case at bar, because of the settlement of plaintiffs' case, the defense of the bar of the statute of limitations was never decided, and therefore no estoppel can possibly exist.
 
 
 28
 If allowed to stand, the decision of the District Court would place an unjustified and unwise limitation on both third party practice and indemnity and contribution actions.
 
 
 29
 The appellees assert additional grounds for affirmance of the judgment of the District Court; however, none of these other grounds advanced on appeal have been considered by the District Court, and it would be inappropriate for us to affirm a summary judgment on grounds not considered by the District Court.
 
 
 30
 The order granting summary judgment against SCM is reversed, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Judge Miller did not participate in the decision