CITY OF KINGSPORT, TENNESSEE, et al., Plaintiffs.

v.

SCM CORPORATION et al., Defendants and Plaintiffs-by-counterclaim,

v.

STEEL AND ROOF STRUCTURE, INC., et al., Defendants-by-counterclaim.

Civ. A. No. 2639.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Aug. 23, 1976.

W. E. Weber, Kingsport, Tenn., for plaintiffs.

John E. Peters, Cleveland, Ohio and Arthur G. Seymour, Knoxville, Tenn., for SCM.

Herbert E. Barnard, St. Louis, Mo., John A. Armstrong, N. R. Coleman, Jr., Greeneville, Tenn., for Steel and Roof.

James E. Brading, J. Paul Coleman, Johnson City, Tenn., for Wallace and Poole.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a removed diversity action, 28 U.S.C. §§ 1332(a)(1), (c), 1441(a), by a municipality (Kingsport) and others for damages emanating from a defective roof placed on a high school building, against the defendants SCM Corporation (SCM) and Special Coatings, Inc. (Coatings). SCM impleaded by counterclaim the defendants-by-counterclaim Steel and Roof Structure, Inc. (Steel), Bristol Pre-Stressed Concrete Corporation (Bristol), and Messrs. J. Larry Poole and William Hamilton Wallace (Poole & Wallace) for indemnity or contribution. Coatings also impleaded by cross-claim Poole & Wallace under the same doctrines.

This litigation arose out of the construction of a high school building for the city of Kingsport, Tennessee with a defective roofing system. Poole & Wallace, as architects thereof, entered into a contract with Kingsport to design such building, with their contract providing, *inter alia*, for the design, preparation of specifications, and the supervision of the entire project. SCM sold roof coatings to a distributor who in turn sold them to several different applicators who were under sub-subcontracts with the general contractor Cassell Brothers (Cassell). Steel was a subcontractor under Cassell which designed and installed the dome of the gymnasium building upon which the roof system was installed.

In its answer to the main action herein, SCM pleaded the statute of limitations as a defense. After answering, such defendant filed a counterclaim for contribution and indemnity against, *inter alia*, Steel and Poole & Wallace. In such counterclaim SCM alleged that the respective defendants-by-counterclaim performed their duties negligently, and that they should share responsibility for any loss occasioned by any defects in the roof. This Court ruled that the 3-year statute of limitations, T.C.A. § 28–305, was applicable. *City of Kingsport, Tennessee v. SCM Corporation*, D.C. Tenn. (1972), 352 F.Supp. 288, 290[4].

This action was commenced on December 15, 1970. Kingsport had occupied the building since September, 1967. Issues remained, however, as to whether SCM had induced the plaintiffs to forbear bringing a timely suit by making certain promises. This factual defense of forbearance and waiver of the statute of limitations was to be submitted to the jury first in a tri-furcated trial. After two days of testimony on this issue, the plaintiffs and defendants reached a settlement of the claims between them. SCM agreed thereunder to pay such plaintiffs $300,000, the full amount sought

from such defendant in the original complaint.

The defendants-by-counter- and cross-claim moved to dismiss such respective actions against them or, alternatively, for a summary judgment. This Court granted a summary judgment to Steel, Bristol, and Poole & Wallace as to the counterclaim against them by SCM. Additionally, Poole & Wallace were granted summary judgment as to Coatings' cross-claim against them. The basis for such decision was that the Court determined that, since SCM and Coatings had pleaded in their answers to the original complaint that such action was barred by the statute of limitations, they were estopped to deny that such original claim was so barred: thus, that there could be no "common liability" and hence no contribution or indemnity.

SCM alone appealed such judgment against it, and the same was reversed. The Court of Appeals for the Sixth Circuit held that it was error for the Court to have applied under these circumstances the doctrine of estoppel. *City of Kingsport, Tenn. v. Steel and Roof Structure, Inc.*, C.A.6th (1974), 500 F.2d 617, 619–620[1], [2]. Thus, the only remaining claims herein are that of SCM against Steel for contribution, based upon the theory of joint negligence, and that of SCM against Poole & Wallace for indemnity, based upon the active/passive negligence theory and for contribution based upon the theory of joint negligence.

█ The defendant-by-counterclaim Steel moved for a dismissal for the failure of the plaintiff-by-counterclaim SCM to state a claim upon which relief can be granted, or alternatively, for a summary judgment. Rules 12(b)(6), 56(b), Federal Rules of Civil Procedure. As matters outside the pleadings are presented to and have not been excluded by the Court, such motion to dismiss will be treated as one for summary judgment and disposed of as provided in Rule 56(c), Federal Rules of Civil Procedure, all parties having been given a reasonable opportunity to present all material made pertinent to such a motion. Rule 12(b), Federal Rules of Civil Procedure.

Poole & Wallace moved for a summary judgment. Rule 56(b), *supra.*

█ It should be noted initially that, for the purposes of these motions, it makes no difference whether SCM's theory is based upon contribution or indemnity. " * * * [I]ndemnity under the active-passive negligence theory is more 'akin to contribution between tortfeasors, and should be governed in this regard by the principles applied to contribution.' *Chamberlain v. McCleary*, 217 F.Supp. 591, 597 (E.D.Tenn. 1963). * * * " *Dawn v. Essex Conveyors, Inc.*, C.A.6th (1974), 498 F.2d 921, 925, certiorari denied, *sub nom., Process Equipment Engineering Co., Inc. v. Tennessee Eastman Co.* (1975), 419 U.S. 1040, 95 S.Ct. 528, 42 L.Ed.2d 317.

The principal contention of Steel and Poole & Wallace is that the 3-year statute of limitations, T.C.A. § 28–305, had operated to bar any action by Kingsport against them, and that if SCM induced Kingsport to delay bringing suit, so that SCM thereby waived or was estopped from asserting the statute of limitations as a defense, such was personal to SCM and did not operate to permit an action by Kingsport against Steel and Poole & Wallace. Accordingly, it is argued, that, since Kingsport's claims against them would have been barred by the statute of limitations at the time this action was commenced, there could be no common liability between them and SCM to Kingsport.

█ Such contention is premised upon the mistaken notion that the common liability required, in order to maintain an action for indemnity or contribution, must exist either: (1) at the time the original plaintiff Kingsport first commenced this action, or (2) at the time that SCM entered into its settlement with Kingsport thus giving rise to a claimed right of contribution or indemnification. This common liability is required to exist, however, only at the time that the original plaintiff's claim arose. " * * * The common liability necessary to support a cause of action for contribution is determined as of the time the injured person's cause of action accrues, and not as

of the time when the right to recover contribution is later asserted, and therefore the extinguishment first of the liability of the one tort-feasor does not destroy the common liability upon which his right to recover contribution must be predicated. * * *" 18 Am.Jur.(2d) 76–77, Contribution § 52. "* * * Common liability is said to come into existence 'immediately after the acts of the tort-feasors which give rise to the cause of action against them'. * * *" 1 Harper & James, The Law of Torts (1956 ed.) 718, § 10.2.

"* * * The general rule seems to be that where the original defendant alleges facts showing that the additional defendant is liable over to him, joinder is generally held to be proper, and the fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant has no effect on the defendant's right to enforce his claim of contribution or indemnity, since the cause of action owed by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant. * * *" Anno: 8 A.L.R.(2d) 6, 139, § 70. According to the American Law Institute, where C brings an action against B for damages and B in turn seeks indemnification from A, even if "* * * C does not bring suit until the [s]tatute of [l]imitations has run in favor of A although not in favor of B * * * B is entitled to indemnity from A. * * *" Restatement of the Law, Restitution (1st) § 86, illustration 3 to comments. "* * * [T]he rule supported by most of the authorities is that an obligor who has been compelled to pay more than his proportion of the common obligation may compel his co-obligor to contribute the amount he ought to have paid, although an action against the latter by the obligee would have been barred if instituted at the time of the payment by the claimant, as, for example, where the statute [of limitations] has run against his co-obligor. * * *" 18 Am.Jur.(2d) 29–30, Contribution § 14.

■ The aforementioned legal rules are entirely consistent with the nearly-universal view that the statute of limitations for an action for indemnity or contribution does not commence to run until there has been a payment made or some loss suffered by a party seeking such indemnification or contribution. *Cf.*: *Vaughn v. Terminal Transport Company*, D.C.Tenn. (1957), 162 F.Supp. 647, 648–649[1]; *Johnson v. General Motors Corp.*, D.C.Tenn. (1965), 243 F.Supp. 694, 695[3]; 18 Am.Jur.(2d) 129–130, Contribution § 93; 41 Am.Jur.(2d) 729, Indemnity § 39; 51 Am.Jur.(2d) 802, Limitation of Actions § 287; Anno: 20 A.L.R.(2d) 925. One Tennessee decision cited by the defendants-by-counterclaim appears to be directly to the contrary. In *Vaughn v. Gill* (1953), Tenn., 264 S.W.2d 805, 808[5], it was held that there was no common liability where the plaintiff's claim against the co-obligor against whom contribution was sought was barred by the statute of limitations and thus contribution was not available. This opinion was withdrawn from the official Tennessee Reports by the Tennessee Supreme Court. As to its precedential value herein, "* * * [it] is merely the opinion of the judge who filed it and is binding only upon the parties to that particular litigation. * * *" *Southern Railway Company v. Foote Mineral Company*, C.A.6th (1967), 384 F.2d 224, 228[5]. It is thus clear that the moving defendants-by-counterclaim are not entitled to a summary judgment on their contention that, since Kingsport's action against them would have been barred by the statute of limitations, then SCM's claim for contribution or indemnification would likewise be barred.

■ Steel and Poole & Wallace maintain also that Kingsport's claim against them *as well as SCM* was barred by the aforementioned 3-year statute of limitations. Thus, it is argued, that SCM's settlement with Kingsport was "voluntary" and not under any legal obligation, so that SCM is not entitled to contribution or indemnification as a matter of law. "* * * As a general rule, a payment of a debt by one joint obligor after the bar of the statute of limitations has attached in his own favor, or in

the favor of all the co-obligors, is voluntary and does not entitle him to enforce contribution from a co-obligor who did not consent thereto. * * * " 18 Am.Jur.(2d) 28–29, Contribution § 14; accord: *Cocke v. Hoffman* (1880), 73 Tenn. (5 Lea) 105. This action has generally proceeded on the assumption that the original claims of Kingsport were brought against SCM and others after the applicable period of limitations expired. This was actually conceded by the original plaintiffs, see *City of Kingsport, Tennessee v. SCM Corporation, supra,* 352 F.Supp. at 290. Nevertheless, there was presented a factual issue as to whether SCM had induced Kingsport to delay bringing suit so that SCM thereby waived or was estopped from asserting the statute of limitations as a defense herein. " * * * The issues of the statute of limitation and forbearance were largely factual issues for the jury to determine. * * * [B]ecause of the settlement of the plaintiffs' case, the defense of the bar of the statute of limitations was never decided. * * * " *City of Kingsport, Tenn. v. Steel and Roof Structure, Inc., supra,* 500 F.2d at 617, 620[2], [3]. Such genuine issue as to a material fact still remains, so summary judgment is not available to the movants on this ground.

■ There is likewise no merit to the movants' further contention that SCM has no right to seek contribution or indemnification, since the only *tort* alleged by Kingsport in the original action was that of misrepresentation, not negligence. SCM claims that it can show that it was actually liable to Kingsport because it " * * * negligently performed its obligations * * * " and thus its settlement with Kingsport was not "voluntary." SCM further contends that the proof will establish that both Steel and Poole & Wallace were negligent in performing their respective duties with such negligence being active while that of SCM was passive. Such claims of respective negligent conduct and the degrees thereof involve disputed factual issues which must be resolved at trial.

■ The fact that common liability is based upon different theories of recovery with different duties imposed is irrelevant in actions for indemnification and contribution. *Cf.: Southern Railway Company v. Foote Mineral Company, supra,* 384 F.2d at 228[7]; *Chamberlain v. Carborundum Company,* C.A.3d (1973), 485 F.2d 31, 34[2]; *Wojciechowski v. Long-Airdox Div. of Marmon Group, Inc.,* C.A.3d (1973), 488 F.2d 1111, 1117 n.13. " * * * As a matter of substantive law, the principle of contribution is founded not upon contract but upon principles of equity and natural justice, which require that those who are under a common obligation or burden shall bear it in equal proportions and one party shall not be subject to bear more than his just share to the advantage of his co-obligor. * * * Payment in full by one of the co-obligors of a valid obligation of both obligors gives rise to the right of contribution against the one not participating in the payment. * * " *Huggins v. Graves,* C.A.6th (1964), 337 F.2d 486, 489[3–7]. An action for contribution " * * * is an independent right, inherently equitable in nature. It is an individual and personal right. It is not founded on contract and is not contractual in nature, and where it is allowed between joint tortfeasors, it does not sound in and is not based on tort. It rests rather on principles of equity and natural justice. * * * " *Butler v. Trentham* (1970), 224 Tenn. 528, 458 S.W.2d 13, 15.

Similarly: " * * * As a general rule, 'a person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other is entitled to indemnity from the other * * * '. * * * " *Southern Coal and Coke Co. v. Beech Grove Mining Co.,* C.A. Tenn. (1963), 53 Tenn.App. 108, 381 S.W.2d 299, 302[4], certiorari denied (1964), quoting from Restatement of the Law, Restitution (1st), § 76. " * * * The right to indemnity rests upon the principle that everyone is responsible for the consequences of his own wrong, and, if another person has been compelled to pay the damages which the wrongdoer should have paid, the latter becomes liable to the former. * * * "

*Ibid.*, 381 S.W.2d at 302[4]; accord: *Louis Dreyfus Corporation v. Butler*, C.A.6th (1974), 496 F.2d 806, 808–809[4], [5], see also: 2 Gibson's Suits in Chancery, 5th ed. (1956), 264–265, § 1012, quoted from approvingly in *Baxter v. Smith* (1962), 211 Tenn. 347, 364 S.W.2d 936, 939[2], and also in *Brooks v. Honeycutt*, C.A.Tenn. (1966), 56 Tenn.App. 458, 408 S.W.2d 404, 406, certiorari denied (1966). All other grounds advanced by the respective defendants-by-counterclaim have been considered by the Court and lack merit. As has recently been stated:

\*     \*     \*     \*     \*     \*

\*   \*   \* [Rule 56(c), Federal Rules of Civil Procedure] authorizes summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir. 1974). In ruling on a motion for summary judgment, the court must construe evidence against the movant and in its most favorable light as to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir. 1962). As said by Judge Shackelford Miller, Jr., in *S. J. Groves & Sons Co. v. Ohio Turnpike Commission*, 315 F.2d 235, 237 (6th Cir. 1963), *cert. denied*, 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.2d 57 (1963): "This Court has on several cases expressed the view that a trial judge should be slow in disposing of a case of any complexity on motion for summary judgment. \*   \*   \* "

\*     \*     \*     \*     \*     \*

*Board of Ed., Cincinnati v. Department of H.E.W.*, C.A.6th (1976), 532 F.2d 1070, 1071[1, 2].

Under that rationale, the respective motions of Steel and Poole & Wallace hereby are

OVERRULED. The clerk will reassign this action for a further pretrial conference. Rule 16, Federal Rules of Civil Procedure.