Isabel YANEZ, Plaintiff,

v.

UNITED STATES, Defendant.

UNITED STATES,
Third–Party Plaintiff,

v.

BROCO, INC., J.S. Brower & Assoc.,
and J.S. Brower, Third–Party
Defendants.

No. C–88–20349 (SW).

United States District Court,
N.D. California.

Dec. 14, 1990.

Law offices of Stanley Bell, Joseph Appel and Michael Appel, San Francisco, Cal., for plaintiff Isabel Yanez.

William McGivern, U.S. Atty., William Murphy, Asst. U.S. Atty., San Jose, Cal., for defendant and third-party plaintiff U.S.

Law offices of James Duryea, James Duryea and Amy Ann Kopple, San Francisco, Cal., for third-party defendants Broco, Inc., J.S. Brower & Associates, and J.S. Brower individually.

## ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT UNITED STATES; DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; GRANTING THIRD–PARTY DEFENDANTS' MOTION TO DISMISS

SPENCER WILLIAMS, District Judge.

This matter came to be heard on defendant United States' Motion for Summary Judgment on the Issue of Judicial Estoppel, Plaintiff's Motion for Reconsideration of Order Granting Partial Summary Judgment to Defendant United States, and Third–Party Defendants' Motion to Dismiss. Good cause having been shown, defendant United States' motion is GRANTED; plaintiff's motion is DENIED; and third-party defendants' motion is GRANTED.

### BACKGROUND:

Plaintiff Isabel Yanez ("Yanez") filed this action on June 7, 1988, against defendant United States (the "government") pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act ("FTCA"), alleging that she was injured by an explosion that occurred while she was working at Caelus Devices, Inc. ("CDI"), on June 11, 1986. CDI was engaged in the production of military equipment, explosive components, pursuant to a contract with defendant United States. Yanez alleges in this suit that government liability arose both from the contractual relationship between the government and CDI and from the government's negligent failure to enforce safety precautions mandated by the contract.

Fifteen months before filing this suit, Yanez and CDI had sued defendants J.S. Brower & Assoc., J.S. Brower, and Broco, Inc. ("Broco and Brower") in state court, claiming that a defect in the lead azide was the cause of the accident which injured Yanez. *See* exhibits attached to Decl. of William Murphy (including copy of Complaint). Yanez settled the state court action against Broco and Brower, receiving approximately $375,000.00. The state court judge who presided over the settlement made a good faith settlement determination, pursuant to California Code of Civil Procedure § 877.6.[1]

After Yanez brought this FTCA action solely against the government, the government impleaded Broco and Brower as third-party defendants. Broco and Brower asked this court to dismiss because their earlier settlement was made in good faith under California Code of Civil Procedure § 877.6, but this court denied that motion and refused to dismiss the third-party complaint against Broco and Brower.

Although the state suit was brought against Broco and Brower for the defect in lead azide, plaintiff now completely denies that the defective lead azide caused the accident. Plaintiff denied the following request for admission by the government: "Plaintiff is of the opinion that defective dextrinated lead azide supplied by Broco, Incorporated to Caelus Devices, Inc. on June 9, 1986 caused her accident of June 11, 1986." In addition, plaintiff's expert witnesses now claim that the negligence of the government was the sole cause of the

---

**1.** Section 877.6 states in pertinent part: (a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, upon giving notice thereof in the manner provided in subdivision (b) of Section 1005.... (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing.

(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

accident. *See* Decl. of Bunker ("It is of my opinion that had safe and proper procedures been established and/or enforced by defendant herein [United States], it is more probable that plaintiff Isabel Yanez would not have been injured"); *see also* Decl. of Roth ("Had the Government [sic] enforced the safety requirements utilized by the munitions industry as of the date of the accident that proper and effective grounding devices be utilized when lead azide was being handled, the subject accident would have, in all likelihood, been eliminated").

DISCUSSION:

The government argues that Yanez should be barred by judicial estoppel from bringing forward a new theory of liability in this action because Yanez had argued in the state court action that the cause of the accident was a defect in the dextrinated lead azide.

The general rule of judicial estoppel in the Ninth Circuit is the following:

A plaintiff who has obtained relief from an adversary by asserting and offering proof to support one position may not be later heard *in the same court* to contradict himself in an effort to establish *against the same adversary* a second claim inconsistent with his earlier contention. Such use of inconsistent positions would most flagrantly exemplify that "playing fast and loose with the courts" which has been emphasized as an evil the courts should not tolerate. *State of Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1215 (9th Cir.1984), *cert. denied*, 469 U.S. 1197, 105 S.Ct. 980, 83 L.Ed.2d 982 (1985), *quoting Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir.1953) (emphasis added).

Judicial estoppel differs from collateral estoppel and equitable estoppel. The main purpose behind the theory of judicial estoppel is to maintain the integrity of the court: a party should not be allowed to argue inconsistent theories before the courts because the entire judicial process will become corrupted. *See* Comment, "Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel," 80 *Nw.U.L.Rev.* 1245 (1986) (hereinafter "Comment").

Yanez argues that judicial estoppel should not apply here because (1) the two claims are not *conflicting* claims and (2) the claims are not *in the same court against the same party*. While the plain language of *Shamrock Foods* seems to indicate that judicial estoppel does not apply to the case at bar, the government argues persuasively that the above cited language in Shamrock Foods is dicta. The Ninth Circuit has only considered the issue of judicial estoppel in three cases, and not one of them addresses the question of whether the claims must be in the same court against the same party. *See Garcia v. Andrus*, 692 F.2d 89 (9th Cir.1982); *Stevens Technical Services, Inc. v. SS Brooklyn*, 885 F.2d 584 (9th Cir.1989); *Shamrock Foods*, 729 F.2d at 1215. In each case, the question of estoppel was based on a finding of lack of consistency.

Therefore, examination of the other circuit courts' decisions is instructive, although the other circuits also show substantive differences in the following: whether privity of parties is required, whether there is a requirement that the claims be in the same court, and whether the claim has reached a final disposition or been "adopted" by the first court.

1. *Requirement that the claims be conflicting*

■ The Ninth Circuit in *Shamrock Foods* refused to apply judicial estoppel because it found that the two claims that were allegedly inconsistent were not truly inconsistent. 729 F.2d at 1215. In *Shamrock Foods*, the class action plaintiffs argued that defendants had conspired to rig prices on a *wholesale* level and then, after all but two defendants settled, changed its position to argue that the conspiracy occurred on the *retail* level. *Id.* The court held that these positions were not truly inconsistent. *Id.*

In *Garcia v. Andrus*, the Ninth Circuit found that a state court proceeding for partition was not inconsistent with a federal proceeding for proportional grazing rights. 692 F.2d at 94.

In the case at bar, the claims might be consistent because the accident could have been caused by two sources. However, there is no mention of the governmental theory of liability in the state claim, and there is no mention of the state court theory of liability in this FTCA suit. Even if the claims are not absolutely conflicting, the manner in which Yanez has stated the claims is conflicting.

Yanez also argues that even if the two claims are inconsistent, she is allowed to argue two inconsistent theories under the Federal Rules of Civil Procedure: she can argue that the accident was caused both by the defective product *and* the negligence of the government in monitoring the electrostatic discharge. Rule 8(e)(2), F.R.C.P., states:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleadings is not made insufficient by the insufficiency of one or more of the statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

Some courts hold that judicial estoppel exists despite Rule 8(e)(2). *Allen v. Zurich,* 667 F.2d 1162, 1167 (4th Cir.1982); *City of Kingsport v. Steel and Roof Structure Inc.,* 500 F.2d 617, 619–20 (6th Cir.1974). However, at least one court has held that Rule 8(e)(2) bars the application of judicial estoppel. *See Parkinson v. California Co.,* 233 F.2d 432, 438 (10th Cir.1956). The First Circuit has ruled in *Keebler Co. v. Rovira Biscuits Corp.,* 624 F.2d 366, 374 n. 7 (1st Cir.1980), that because Rule 8(e)(2) allows alternate pleading, judicial estoppel does not apply to bar a party's claim when there was a conflicting patent application statement. However, in *Patriot Cinemas, Inc. v. General Cinema Corp.,* 834 F.2d 208 (1st Cir.1987), the First Circuit later stated clearly that judicial estoppel did exist.

Therefore, this court interprets Rule 8(e)(2) to mean that parties can plead alternate theories or claims in the same action, but not in separate actions. Thus, although Yanez was allowed to plead alternate theories in this FTCA action, she cannot plead one theory in the state court and another in this FTCA action. The claims are clearly conflicting.

### 2. *Requirement of privity of parties*

■ As discussed above, the plain language of *Shamrock Foods* indicates that the court can apply judicial estoppel only when the parties are the same, but none of the three cases of judicial estoppel in the Ninth Circuit addressed the specific issue of privity of parties. In *Shamrock Foods,* the Ninth Circuit did cite *Allen v. Zurich Ins. Co.,* in which Fourth Circuit applied judicial estoppel even though the conflicting claims were brought in a different court against a different party. *Shamrock Foods,* 729 F.2d at 1215. In *Allen,* the court held that the plaintiff was barred by judicial estoppel from asserting in a federal court action that he was *not* an employee when he had asserted in a prior state court proceeding that he *was* an employee. In *Allen,* plaintiff was injured while working for a man named Scruggs. Plaintiff sued Scruggs in state court under a theory of employer liability, claiming that he was an employee of Scruggs, and won a judgment. Allen then sued the insurance company, Zurich, in federal court for failure to pay on the insurance policy covering Scruggs. Zurich defended on the grounds that the contract with Scruggs did not cover employees. Allen then changed his position and claimed that he was *not* an employee of Scruggs. The jury found in favor of Allen, and the district court granted judgment notwithstanding the verdict for defendant Zurich. The Fourth Circuit upheld the district court's grant of j.n.o.v. on the grounds of judicial estoppel because plaintiff had asserted two inconsistent positions in the two actions. 667 F.2d at 1167.

The District of Columbia Court of Appeals agreed with the Fourth Circuit that privity of parties was not a requirement for the application of judicial estoppel. *Konstantinidis v. Chen*, 626 F.2d 933, 937 (D.D.C.1980) (court held that judicial estoppel did not exist in the District of Columbia but discussed the general principles of judicial estoppel ,nd held that privity of parties was not required for judicial estoppel).[2]

As a general policy matter, privity of parties should not be a prerequisite to the application of judicial estoppel because the main policy of judicial estoppel is to prevent dishonesty in the judicial process. If preventing dishonesty is a main goal, it should not matter against which party the dishonesty occurred. *See* Comment at 1250. However, some circuits do not agree. *See In re Johnson*, 518 F.2d 246 (10th Cir.), *cert. denied sub nom., Clark v. Johnson*, 423 U.S. 893, 96 S.Ct. 191, 46 L.Ed.2d 125 (1975); *Scarano*, 203 F.2d at 513 (Third Circuit).

Even assuming *arguendo* that there is a requirement of privity of parties for the application of judicial estoppel, the requirement is satisfied because the same parties, Broco and Brower, are involved in this case as third-party defendants. Broco and Brower were present in both the state court action and in this FTCA action.

### 3. Requirement of same court

■ Most circuits have rejected the requirement that in order to apply judicial estoppel, the two inconsistent statements must have been made in the same court. *Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d at 212–15 (First Circuit applied judicial estoppel when inconsistent claims made in state court and then federal court); *Allen v. Zurich*, 667 F.2d at 620, (Fourth Circuit applied judicial estoppel when inconsistent claims in state court and federal court); *but c.f., Scarano*, 203 F.2d at 513 (Third Circuit).

The policy behind judicial estoppel indicates that there should be no requirement of privity of courts, because if the policy is to prevent lying to the courts, the location of the lie should is not relevant.

### 4. Requirement that prior court adopt inconsistent statement

■ Although Yanez does not assert any other defenses against the application of judicial estoppel, several courts have mentioned a requirement for the application of judicial estoppel that the court in the prior proceeding in some way "adopted" or "accepted" the statement of the litigant. *See, e.g., Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598–600 (6th Cir.1982) (because previous state court case settled, judicial estoppel does not apply in district court case); *City of Kingsport*, 500 F.2d at 620 (Sixth Circuit); *Allen v. Zurich*, 667 F.2d at 1167 (Fourth Circuit); *United States v. 49.01 Acres of Land*, 802 F.2d 387, 390 (10th Cir.1986) (even though Tenth Circuit rejected judicial estoppel entirely, it noted majority rule).[3]

Under this majority rule, the court can admit the prior inconsistent statement at trial as a form of impeachment or party admission. *See USLIFE Corp. v. United States Life Ins. Co.*, 560 F.Supp. 1302, 1306 (N.D.Tex.1983) ("[W]here the party maintaining the inconsistent position was not previously successful, that party's statements still remain available as evidence, and may be introduced as party admissions at trial."). The Ninth Circuit has expressly refused to decide whether adoption of the inconsistent statement by the court is a prerequisite to the application of judicial estoppel. *Stevens Technical Services*, 885 F.2d at 589.

There is some uncertainty concerning the definition of a prior court's "acceptance" or "adoption" of the prior inconsistent position. Some courts hold that it is not neces-

---

**2.** Courts disagree on whether federal common law should control judicial estoppel or whether the law of the state should apply. *See* "Judicial Estoppel: The Refurbishing of a Judicial Shield," 55 *Geo.Wash.L.Rev.* 409, 426–434 (1987).

**3.** Some commentators have referred to this rule as the "prior success" rule, that the litigant have achieved success in the prior judicial forum. *See* Comment at 1256.

sary that the party obtain a decision on the merits if the court in some way "adopted" the inconsistent position. *See* Comment at 1257. In the case at bar, even though the state court case did not result in a verdict for Yanez, the settlement judge did "adopt" the statements of Yanez that the cause of the accident was the lead azide when he accepted the statement for the purposes of settlement and good faith settlement determination. Thus, even assuming *arguendo* that there is a requirement of adoption of the prior inconsistent statement, the requirement is satisfied in the case at bar.

### 5. *Judicial Efficiency*

There is an additional reason that mandates the application of judicial estoppel: judicial efficiency. Judicial efficiency is a policy rationale underlying collateral estoppel and equitable estoppel, two doctrines which do not apply in the case at bar. However, the policy of judicial efficiency should apply in the case at bar because Yanez completed her chance to litigate her case in state court before coming to federal court against the government. If Yanez had filed her cases simultaneously in federal and state court or had filed one case in federal court against both parties, this court could have determined whether it would be efficient to assume jurisdiction over the pendent state claims in adjudicating the federal claim.

In this time of limited judicial resources and overwhelming case loads, courts should not allow a plaintiff to divide a cause of action into two or more suits in order to maximize potential recovery at the expense of the defendants and the courts.

CONCLUSION:

Because Yanez has played "fast and loose" with the courts, judicial estoppel applies. The claims asserted by Yanez in state court and in this action are conflicting, and pleading inconsistent facts is not permissible in two separate actions. There is no requirement that the claims be in the same court, because such a requirement would subvert the reason for judicial estoppel. Privity of parties is not required, but

even if it is, it exists here. For the foregoing reasons, judicial estoppel bars the pleading of the inconsistent theory in this action that the cause of the accident was the government's failure to properly supervise and enforce regulations at CDI.

IT IS SO ORDERED.