J. L. Baxter and Helen Baxter doing business as H. & J. Auto Parts & Metals Company and Bituminous Casualty Corporation

*v.*

Howard G. Smith doing business as Cookeville Pure Milk Company and Highway Casualty Company.

364 S. W. 2d 936

(*Nashville*, December Term, 1961.)

Opinion filed September 7, 1962.

Rehearing Denied October 4, 1962.

348

CLAUDE CALLICOTT, Nashville, for petitioners.

FLATT & FLATT, Cookeville, for respondents.

MR. JUSTICE WHITE delivered the opinion of the Court.

In this case the Complainants claim in their bill as amended to be entitled to contribution from the defendants of 50% of the amount that they have been required to pay or are in the process of paying in weekly installments to Lonnie Roberts for benefits adjudged to be due him under the Workmen's Compensation Law.

The defendants, Howard G. Smith doing business as Cookeville Pure Milk Company and Highway Casualty Company, filed a joint demurrer. The defendant, Lonnie Roberts, filed a separate demurrer. Upon the hearing the Chancellor sustained the demurrers from which this appeal has been perfected.

The record discloses that Lonnie Roberts was an employee of the defendant Smith and that on or about April 1, 1958, he sustained a severe back injury while he and a co-employee were lifting a heavy ice cream box weighing from 700 to 900 pounds.

The injury was recognized by the employer, the defendant herein, as being compensable under the Work-

men's Compensation Law and some amount of money was paid to Roberts for temporary total disability.

For many years prior to the injury Roberts had a disease known as spondylolithesis by reason of which he was more susceptible to back injury than the average person.

The bill alleges that Roberts was permanently injured by said accident so that a recurrence and aggravation resulting in further disability was likely. After being away from his employment for approximately two months he returned to work for the defendant, Smith, but his employment was terminated after three or four days because he was unable to do the same work.

Thereafter he sought and was given employment by the complainant, Baxter, and he worked for him continuously until February 2, 1959. On that day he lifted a generator weighing 20 to 22 pounds and in so doing sustained a recurrence of his former injury. After suffering this injury he drove home, collapsed a few minutes later experiencing sharp pain in his back and thereafter suffered increased disability to the extent he has not been able to work since that date.

Subsequently Roberts filed two lawsuits under the Workmen's Compensation Law; one against the defendant herein alleging total and permanent disability as a result of the first injury, which is alleged to have occurred on April 1, 1958, and one against the complainants alleging permanent and total disability as a result of the aggravation of the pre-existing condition by the second injury.

On December 11, 1959, Roberts voluntarily dismissed, without prejudice, the suit against the defendant herein.

In February, 1960, his suit against the complainants was tried resulting in a decree against them for total and permanent disability in his (Roberts) favor. In the decree in that case the Chancellor found that his disability was due to aggravation of the original injury by injury sustained while lifting the generator. The action of the Chancellor was affirmed in an opinion rendered by this Court on March 10, 1961.

While Roberts' appeal was pending before this Court the complainants brought this action on December 8, 1960.

In the original bill it is averred that the first injury was the major cause of Roberts' disability, that the act of lifting the generator would have caused no injury but for the prior condition, that it is not ascertainable to what extent each injury contributed to the final disability and therefore the defendants herein would also be liable to Roberts. They further allege that if both they and the defendants are liable, (depending on the decision in the first case pending before the Supreme Court) then because the defendants were essentially freed from liability by Roberts dismissal of his suit against them, they are entitled to contribution under equitable doctrines for at least 50% of the total disability that has been adjudged against them, or for such other relief as the Court may decree.

The amended bill by the complainants brought to the attention of the Court the final order of this Court affirming the action of the Chancellor in awarding benefits for total and permanent disability to Roberts.

■ Roberts demurred to the bill as amended on the ground that no relief was sought against him and that he was not a proper or necessary party to the litigation. His demurrer was sustained and with the action of the Chancellor in this regard we agree.

The remaining defendants demurred to the bill on several grounds contending, among other things, that all the matters complained of in the original bill amended were foreclosed by the decision of this Court in the case of *Lonnie Roberts v. J. L. Baxter et al.* under date of March 10, 1961, but unreported.

It is further contended that it would be impossible for the Court to determine the measure of liability as between the parties because of the nature of the injury sustained by Roberts while in the employ of the respective employers.

The question then presented is whether the complainants are entitled to contribution under the circumstances set forth by the above facts as averred in the original bill as amended.

The complainants strongly urge upon us that both employers have liability to Roberts under Tennessee Workmen's Compensation statutes and if both of the employers had been sued by Roberts that a judgment of joint and several liability against both employers would have resulted under the recent decision of *Greene Co. v. Bennett,* 207 Tenn. 635, 341 S.W.2d 751. Based upon this conclusion the complainants insist that they are entitled to contribution from the first employer of Roberts. They contend that to decide otherwise would allow the employee to determine the liability by either joining both employers or by electing to sue only his last employer.

The complainants contend that under the statute and under the *Greene Co. v. Bennett* case that both employers are equally liable, although the first injury sustained by Roberts was the major cause of his permanent and total disability and under their theory they are entitled to 50% contribution from the first employer or his insurance carrier.

The defendants contend that the law in Tennessee is that an employer takes an employee as he finds him and is, therefore, solely liable for the result of an injury sustained during the employment, even though the injury aggravated a prior injury or preexisting condition thus causing greater disability than normally would be the case. They further contend that any doctrine of contribution will result in a multiplicity of lawsuits in which the Court will be asked to speculate upon the amount of contribution or apportionment of injury sustained by an employee in accidents while working for successive employers.

■ The equitable doctrine of contribution is sought to be applied in this case because of the alleged co-equal liability of the parties herein to the employee under the Tennessee Workmen's Compensation Law. The principle is stated in the Fifth Edition of Gibson's Suits in Chancery at Section 1012, page 264, as follows:

"Where two or more persons are bound by a common charge, not arising from a tort, and one of them pays more than his share of the common liabilities, he can compel the other or others to reimburse him. This rule of Equity is based on the broad principle that where one person has discharged more than his share of a debt or obligation which others are equally bound

with him to discharge, the others ought in conscience to refund to him enough to reduce his burden to an equality with theirs. In a Court of Chancery equality is Equity."

This general statement of the principle finds approval in 18 C.J.S. pages 2 and 3 under the general subject of Contribution at secs. 1 and 2:

Section 1. "It is the right of one, who has discharged a common liability or burden to recover of another also liable the aliquot portion which he ought to pay or bear."

Section 2: "* * * the doctrine of contribution rests on the principle that, when the parties stand in aequali jure, the law requires equality, which is equity, and one of them shall not be obliged to bear a common burden in case of the rest. The doctrine is not founded on, nor does it arise from, contract, but is founded on principles of equity and natural justice and comes from the application of principles of equity to the condition in which the parties are found in consequence of some of them, as between themselves, having done more than their share in performing a common obligation."

In 13 American Jurisprudence, page 12, under the general subject of Contribution at Section 9, it is stated that the right of contribution exists:

"* * * when the parties are under a common burden, obligation, or liability, regardless of whether such common burden is one assumed by the parties through contract, one resting on property, and devolving on them as co-owners, one imposed by statute, or one which the law imposes equally on the parties in certain

classes of cases as a result of their concurring acts or because of a community of risk. If the burden thus assumed or imposed is one which is common to all. of the parties, it is immaterial whether there is a joint, several, or joint and several liability, whether it arises from the same or different instruments, whether it has been incurred at the same or different times, whether the parties knew of each other's engagements or not, whether their respective liabilities are in the same or different amounts, * * *.''

The above general statement taken from American Jurisprudence is quoted by our Court in the case of *United States Casualty Co. v. Standard Acc. Ins. Co.,* 175 Tenn. 559, at 564, 136 S.W.2d 504, at 506, 126 A.L.R. 876. That case arose from a Workmen's Compensation matter wherein an employee could have recovered under the laws of Illinois or Tennessee. He elected to recover under the laws of Illinois and the insurance carrier in that State sued the carrier in Tennessee for contribution. The Court held that the parties were not ''in aequali jure'' because of differences in the State statutes and disallowed the claim.

Thus it appears that the above case of *United States Casualty Co. v. Standard Acc. Ins. Co.* held, in so far as contribution was concerned, that the right to recover depended on whether the parties were equally liable.

In the instant case the complainants contend that there is equal liability between the employers of Roberts for the injuries he sustained. However, at the same time the original bill avers:

''The disability of the defendant, Roberts, is the result of both accidents and the combination thereof, it

being unknown and probably not ascertained just to what extent each accident contributed to the disability, but the first accident contributed more to the disability than did the second."

This averment points up the difficulty with which the Courts would be faced in trying to determine the percentage of disability or loss resulting from injuries sustained by the employee while working for multiple employers.

In making a search of the authorities we find that some other States have allowed what is termed "apportionment" in this type of situation. However, upon reading these cases this doctrine of apportionment appears to be no more than that of contribution applied to workmen's compensation cases. It is based on equitable grounds and is applied only in disputes between carriers or employers after the injured employee has recovered compensation from one of his employers.

Larson Workmen's Compensation Law has this to say about the question:

"Section 95.00. When a disability develops gradually, or when it comes as the result of a succession of accidents, the insurance carrier covering the risk at the time of the most recent injury or exposure bearing a causal relation to the disability is usually liable for the entire compensation. In some jurisdictions apportionment has been worked out by judicial decision, or provided for by express statute, when events within the coverage periods of successive insurers contribute causally to the final disability." (Page 471.)

At Section 95.31 of the same work on pages 478-479, it is said:

"The harshness of the Massachusetts-Michigan rule requiring that a single insurer assume the entire cost of any single injury has been tempered in some jurisdictions by a rule permitting apportionment between two carriers when two successive incidents combine to produce the final disability. The leading case establishing this practice is the Anderson case (*Anderson v. Babcock & Wilcox Co.*, 256 N.Y. 146, 175 N.E. 654) decided by the New York Court of Appeals in 1931."

"The court shortly thereafter made it clear that this kind of apportionment rule applies only when a question of sharing liability between successive carriers is involved. It does not alter the well-established rule that in all other cases an insurer is fully liable for the disability resulting from aggravation of a pre-existing weakness, when that weakness itself does not constitute an actual disability."

In the *Anderson v. Babcock & Wilcox Co.* case, supra, 175 N.E. at page 655, the Court said:

"On the evidence the present disability exists by reason of the two accidents, and the compensation should be equally apportioned between the two insurers. Unjust it is that the second insurer should bear the entire liability when the second accident was related in large measure to the first. * * *"

In that case the employee suffered a broken hip while working for the first employer. Later while working for another employer he felt a sharp crack in his hip. It was refractured and the second employer was held fully

liable under the Workmen's Compensation Law. Thereafter, the second employer sued to have the first held liable upon the theory of apportionment or contribution. It was held by the Court that there were two accidents, that the first did not heal properly, that the second was an unexpected separation of the first fracture, and under these circumstances the Court held that both employers were equally liable.

In the case at bar there was no relationship between the accident sustained by Roberts while working for Smith and the accident sustained by him while working for Baxter. It is averred in the bill that Roberts had long suffered with a disease known as spondylolithesis and by reason thereof was more susceptible to back injuries than people with healthy and strong backs.

There are several cases in the State of Massachusetts which have held against apportionment or contribution and they will be referred to in the order of time which they were decided.

In the Evans' Case reported in 299 Mass. 435, 13 N.E. 2d 27, an employee sustained a back injury for which he was compensated. He was later injured in the same place while working for another employer. Again he was compensated and he later tried to work but was totally disabled. The Court at page 28 held:

"An insurer takes the employee in the condition in which it finds him, and becomes bound to compensate him according to the provisions of the act for incapacity resulting from any compensable personal injury received during the period covered by the policy." (Workmen's Compensation Insurance Policy).

And at page 28-29 the Court said:

"Where incapacity results from the combined effect of several distinct personal injuries, received during the successive periods of coverage of different insurers, the result is not an apportionment of responsibility nor responsibility on the part of either or any insurer at the election of the employee. The implication of the act is that only one of successive insurers is to make compensation for one and the same incapacity. * * * Where there have been several compensable injuries, received during the successive periods of coverage of different insurers, the subsequent incapacity must be compensated by the one which was the insurer at the time of the most recent injury that bore causal relation to the incapacity."

In *In re Morin's Case,* 321 Mass. 310, 73 N.E.2d 467, at page 468, the Massachusetts Court held as follows:

"The employee had sustained two injuries of a compensable nature, and the insurer on the risk at the time of the second injury must be held liable to pay compensation for incapacity following that injury where there is a causal connection between that injury and the incapacity although the earlier injury may have been a contributing cause or even the major contributing cause."

The same result was reached in Michigan in *Brinkert v. Kalamazoo Vegetable Parchment Company,* 297 Mich. 611, 298 N.W. 301.

The Supreme Court of Florida in a recent case (1960) of *Johnnie's Produce Company v. Benedict & Jordan,* 120 So.2d 12, 14, said:

"It is true that, in New York, the courts allow apportionment on an arbitrarily equal basis between two carriers 'when two successive incidents combine to produce the final disability' * * *.

"It is noteworthy, however, that our Legislature has specifically provided for the reimbursement of a subsequent employer where a claimant who has sustained a permanent physical impairment suffers a subsequent compensable injury. * * * In cases within the purview of this portion of our Act, the subsequent employer is entitled to reimbursement from the Special Disability Fund 'for the amount paid in excess of that which would be paid for the second injury by itself.' * * * It has expressly provided for the proportionate liability of an employer and its carrier in occupational disease cases. * * * and in cases involving the acceleration or aggravation of a preexisting disease * * *. And it is our view that, if the 'apportionment rule' followed by the courts of some jurisdictions is to be adopted in this state, it should be done by the Legislature and not by the courts or the administrative officials charged with the administration of the workmen's compensation law."

In order to determine whether we should apply the doctrine of contribution or apportionment in Workmen's Compensation cases, we will now review the authorities in Tennessee.

In the case of *Swift & Co. v. Howard,* 186 Tenn. 584, at page 591, 212 S.W.2d 388, at page 391, it was stated:

"When an employer employs a workman he takes him as he is and assumes the risk of having a weakened

. condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person. If the injury is the proximate cause of the disability, i. e., excites and aggravates a previous weakened condition then the employer is liable.''

The above.language was quoted with approval in *Heron v. Gridley,* 198 Tenn. 110, 277 S.W.2d 402.

In the case of *Procter & Gamble Defense Corp. v. West,* 203 Tenn. 138, at page 144, 310 S.W.2d 175, at page 178, the Court held:

"Since the injured employee is paid for the condition he is in after the last injury it seems immaterial as to how much the 1951 injury aggravated the 1945 injury, or how much the 1955 injury aggravated the 1951 injury. The employer takes the employee as he actually is.''

In *Coleman v. Coker,* 204 Tenn. 310, 321 S.W.2d 540, the Court quotes again the rule from *Swift & Co. v. Howard,* supra, and calls it a ''very salutary'' rule.

█ The rule then in Tennessee is that an employer takes an employee as he finds him. He is liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case.

██ This rule seems to be almost identical with the Massachusetts-Michigan rule indicated above. It is the rule in Tennessee that there must be a causal connection between the employment and the resulting injury or that

the most recent injury causally related to the employment renders the employer at that time liable for full compensation for all of the resulting disability even though increased by aggravation of a previous condition of disease or injury of such employee.

It seems very clear that the Tennessee rule is entirely inconsistent with any doctrine of contribution or apportionment for the simple reason that the parties herein are not "co-sharers of liability". Had the employee Roberts continued his suit against the defendants herein (Smith) and had Smith contended for the rule above indicated that is an employer takes an employee as he finds him and the courts found a causal relation between the second injury and the second employment (which it did) then these defendants could not have been held liable. This was exactly the conclusion of this court in the unpublished opinion in case of *Roberts v. Baxter,* decided March 10, 1961, wherein the complainant, Baxter, who was the defendant in the original case was held fully liable to Roberts in the first place. In that case the Court said:

"We think under the circumstances the trial judge was correct in disregarding the first injury and concluding that the disability of the petitioner is attributable to the injury he received while working for the defendant."

Therefore, our Court has already decided that the injury sustained by Roberts while working for the second employer, Baxter, causally resulted in his permanent and total disability.

..If we acceded to..the request of the complainants herein then we would be reversing the Court in the case of *Roberts v. Baxter,* supra, which held:

"That the disability of the petitioner is attributable to the injury he received while working for defendant," (Baxter).

If the Court has held, as it has, that such disability resulted from the second injury and not the first then there is no basis for a suit for contribution or apportionment.

The complainants rely in great measure for their relief upon the case of *Greene Co. v. Bennett,* supra. In that case the employee had suffered an eye injury while working for the first employer. He returned to work when the eyes cleared up in the judgment of the doctor. Later while working for the second employer he again injured his eyes with a resulting total loss of the left eye and a 25% loss of the right eye. After the second accident a condition was found in the left eye which resulted from the original injury and contributed to some extent to the total loss of the use of that eye. The Trial Court held both employers jointly and severally liable giving as its reason therefor the finding the loss of the left eye was the result of a combination of two accidents. This Court affirmed the action of the Trial Court stating simply that no authority was shown against such a holding and further it would be impossible to allocate the loss between the two injuries. No consideration was given by the Trial Court or by this Court to the rule that an employer takes an employee in the condition of health which he is in at the time of employment. The record in that case discloses that the former employer conceded

liability in his brief provided the Court first found that the original injury had not completely healed and that the statute of limitations had not run.

The Court in the *Greene Co. v. Bennett* case was merely passing upon a factual situation which had been determined by the Trial Court and which was supported by material evidence. We have repeatedly held that our Court is bound by the holdings of trial courts in Workmen's Compensation cases when there is any material evidence in the record to support such holding. See *Clendening v. London Assurance Co.*, 206 Tenn. 601, 336 S.W. 2d 535, 337 S.W.2d 603. The questions of contribution and apportionment were not considered or passed upon by the Court.

However, we find support in the holding of the Court in the case of *Greene Co. v. Bennett* for our opinion in this case.

(7) In the instant case it would be impossible, if we were so inclined, to allocate the percentage of the disability to the body as a whole resulting from the original injury while an employee of the first employer and the second injury suffered while in the employ of the second employer. If we comply with the averments in the bill and allow a recovery on a fifty-fifty basis then this might or might not serve equity. The futility of proper apportionment of liability for separate injuries or aggravation of pre-existing injuries is obvious and if applied would result in mere speculation by the Court.

We are not inclined to so hold and since there is no statute requiring or permitting contribution or apportionment we do not think it wise for us to invade this legisla-

tive field. If the Legislature decides to work out some formula for such apportionment or contribution it may do so but until it has done so we believe it is our duty to adhere to the rulings adopted by this Court and repeatedly affirmed by it for a period of more than forty years. The Legislature has by T.C.A. sec. 50-1006 expressly provided that there shall be no contribution from a prior employer or insurance carrier in the case of occupational diseases.

T.C.A. sec. 50-1027 provides for a second "injury fund" but the interpretation or construction thereof is not in issue in this case.

The sine qua non of this action is common liability of the parties which, in our opinion, is not present in this case. The Court in the opinion in *Roberts v. Baxter* said:

"We think, under the circumstances, the trial judge was correct in disregarding the first injury and concluding that the disability of the petitioner is attributable to the injury he received while working for the defendant."

Therefore, the action of the Chancellor in sustaining the demurrer and dismissing this case is hereby affirmed.