THE GLOBE COMPANY, INC., et al., Plaintiffs-in-Error,
Defendants,

*v.*

JAMES A. HUGHES, Defendant-in-Error, Petitioner.

442 S.W.2d 253.

(*Nashville*, December Term, 1968.)

Opinion filed May 9, 1969.

38

T. O. MORRIS and J. C. SUMMERS, Nashville, for plaintiff in error.

CLAUDE CALLICOTT, Nashville, RICHARD POLK and T. H. ALEXANDER, JR., Franklin, for defendant in error.

JOHN T. CONNERS, JR., Nashville, for Maryland Casualty Co.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

This is a suit seeking recovery of Workmen's Compensation benefits for temporary total and permanent partial

disability and in addition reimbursement for certain medical expenses incurred by the defendant-in error, James A. Hughes, because of injuries alleged to have been accidentally sustained while in the employment of the plaintiff-in-error, Globe Company, Inc.

Hughes alleged that three accidental injuries transpired for which he was entitled to Workmen's Compensation benefits. The first of these occurred on November 10, 1965, when Hughes injured his right leg by jumping to the ground from a heavy-equipment roller which went out of control. The injury sustained was thrombophlebitis or a clot in the right leg causing chronic edema or swelling. At the time of this accident the Maryland Casualty Company was the insurance carrier for Globe Company.

The second accident occurred on January 10, 1967, when Hughes, an outdoor worker, sustained frostbite of the second toe on the right foot, necessitating amputation of the toe on February 13, 1967.

A third accident occurred on October 16, 1967, when Hughes stumped his right big toe on a wooden platform, which injury required surgical removal of the toenail. During the second and third injuries the Reliance Insurance Co. and the Planet Insurance Co. were the insurance carriers for the Globe Company. They are related insurance corporations, and will be referred to as "Planet".

The petition alleged the three injuries each resulted in a temporary total disability and the combined effect of the three injuries caused a permanent partial disability of the right leg.

The Maryland Casualty Company admitted it was the insurer of Globe Company during the first injury, but

contended that it had paid Hughes' medical expenses and six and five-sevenths weeks of temporary total disability, and that Hughes executed a written receipt in release of all claims incident to the first injury. Maryland further contended that the injury of January 10, 1965 neither precipitated nor produced any subsequent permanent disability.

Planet admitted its role as insurance carrier of Globe Company during the second and third injuries but denied liability on the second injury because of a failure of notice and the lack of a compensable injury. Planet admitted that the third injury was deserving of compensation benefits but only to the extent of a temporary total disability without any residual permanent disability.

The trial court ruled in favor of Hughes with respect to the second and third accidents and entered judgment against the Globe Company and Planet finding that the second and third injuries each caused a distinct period of temporary total disability and their collective effect was a permanent partial disability of fifty per cent of the right leg. And further, that, while the first accident was compensable, Maryland had paid Hughes all benefits due him for disability resulting from that accident; and that the first accident was not a contributing cause to any disability Hughes had subsequent to the second and third injuries.

The Globe Company and Planet have appealed and filed two assignments of error. The first assignment alleges that the trial court erred in finding there was no causal connection or relationship between the first accident and the permanent disability sustained by Hughes since the date of the second and/or third accident, and that Maryland had discharged its full liability to Hughes

resulting in Maryland's dismissal. The second assignment of error asserts that frostbite is not a compensable injury under the Workmen's Compensation Law of Tennessee.

The first assignment is overruled, because there is evidence to sustain the trial court's ruling. This evidence is that the first injury, more likely than not, did not contribute as a continuing cause to the partial permanent disability. That at the time of the second and third injuries, it was more a past fact than a continuing, active cause of disability.

▅▅▅▅ The rule in Tennessee on the liability of successive employers or insurance carriers with regard to successive injuries is clearly laid out in *Baxter v. Smith*, 211 Tenn. 347, 364 S.W.2d 936 (1961), as follows:

"[3] The rule then in Tennessee is that an employer takes an employee as he finds him. He is liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case.

[4-5] This rule seems to be almost identical with the Massachusetts-Michigan rule indicated above (*last injurious exposure rule—placing full liability upon the carrier covering the risk at the time of the most recent injury that bears a causal relation to the disability*). It is the rule in Tennessee that there must be a causal connection between the employment and the resulting injury or that the most recent injury causally related to the employment renders the employer at that time liable for full compensation for all of the resulting

disability even though increased by aggravation of a previous condition of disease or injury of such employee." 364 S.W.2d pp. 942, 943. (Italicized material ours)

■ So it is clear that the last employer or insurance carrier will be liable in full for any permanent disability resulting from the last of successive injuries under different employers or insurance carriers.

The case of *J. E. Greene Co. v. Bennett,* 207 Tenn. 635, 341 S.W.2d 751 (1960), cited by Planet for the proposition that successive insurance carriers should be held liable in a successive injury case causing permanent disability is distinguishable on its facts. The case applicable here is *Baxter,* which severely limits the *Greene* case.

■ Briefly, the facts are that Hughes was employed by the Globe Company, Inc., a contractor engaged in road building and paving. As crew foreman and equipment operator he was required to be on the job in all kinds of weather. In early January, 1967, there was a cold spell, "below freezing," which lasted several days. Petitioner worked outside during these days and sustained a frostbite injury on January 10, 1967. This injury was diagnosed as a frostbite injury by Dr. Bomar in the latter part of January about two weeks after the injury was sustained. Because of the frostbite injury, the toe was amputated on February 25, 1967.

There is no controversy about the fact of the injury or the extent of it. The only insistence is that it is not a compensable injury.

Clearly, under *King v. Buckeye Cotton Oil Co.,* 155 Tenn. 491, 296 S.W. 3, 53 A.L.R. 1086 Hughes' injury was "accidental" in the sense required by the Workmen's

Compensation Law. For a discussion of compensable injuries reference should be made to that case.

Our Workmen's Compensation Law has long been construed as providing coverage in weather exposure cases. It happens that until now all of these cases have had to do with heat prostration and sunstrokes, but the principle is the same. In the *King* case above mentioned, a fireman employed in a boiler room suffered heat prostration on a hot day, resulting in pneumonia followed by death, and this Court held this was a compensable, work-connected accident. In *Milstead v. Kaylor*, 186 Tenn. 642, 212 S.W.2d 610, the employee was working outdoors in the hot sun when he fell to the ground and died. Because he was at the place his work required him to be, and was engaged in doing that work, and because in the course of doing this work he was exposed to the hot summer sun, which can and does cause heat prostration and sunstroke, we held the employee had sustained a compensable accidental injury resulting in death in the form of heat prostration or sunstroke. In *T. J. Moss Tie Co. v. Rollins*, 191 Tenn. 577, 235 S.W.2d 585, the employee was working outdoors, exposed to the elements, on a day when the temperature was about 86° F. While so engaged he suffered heat prostration or sunstroke, followed by death, and recovery was allowed.

These cases teach us that when an employee's work exposes him to an elemental force and requires him to continue to work under the risk of the hazard which the elemental force creates, the employee is to be compensated for injuries which result therefrom. In such case all of the factors combine to create liability. It is foreseeable that one exposed to the hot sun or the freezing cold may suffer an injury therefrom. When the nature

of the work requires exposure to the risk of this hazard, any injury resulting therefrom arises out of and in the course of the employment. And that there is a causal connection between the injury and the hazard his employment required him to risk, and to which it exposed him, cannot be denied.

Under the facts of this case Hughes' work exposed him to the elemental force of freezing for long hours, so the frostbite resulting therefrom is compensable.

The assignments of error are overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN, and CRESON, JUSTICES, concur.