INDIANA LUMBERMAN'S MUTUAL INSURANCE COMPANY and Insurance Company of North America, Appellants,

v.

John David RAY, Appellee.

Supreme Court of Tennessee.

March 31, 1980.

## OPINION

FONES, Justice.

This workmen's compensation case involves a permanent partial disability resulting from the combination of two accidents occurring while plaintiff was employed by different employers.

The trial court found that plaintiff sustained a sixty percent permanent partial disability to the body as a whole and that his disability resulted from two accidental injuries, on November 28, 1976, while employed by Lewis Gulf, and on April 26, 1977, while employed by Western Auto. Plaintiff was awarded a judgment for thirty percent partial disability against Indiana Lumberman's Mutual Insurance Company, the insurer of Lewis Gulf, and thirty percent permanent partial disability against Insurance Company of North America, insurer of Western Auto. Both insurance companies have perfected appeals.

### I.

Plaintiff was employed as a mechanic at Lewis Gulf on November 28, 1976, when he slipped on ice and twisted his back. He was hospitalized and treated for an acute lumbar strain by Dr. Robert Cannon, who was the only medical witness.

Doctor Cannon told plaintiff on February 11, 1977, that he could return to light work wearing his lumbo sacral support. Plaintiff worked at Lewis Gulf from February 14 to February 25, 1977, on what he described as a trial basis. On February 25 he went to Dr. Cannon and complained that his back was giving him trouble but apparently he had disregarded the instructions to perform only light work. Doctor Cannon hospitalized him again and performed a lumbar myelogram on March 3, 1977, which was "totally negative" and he was discharged on March 8.

Doctor Cannon saw plaintiff in his office on March 25, and April 5, at which time he "allowed him to return to full work·duties."

On April 15, 1977, plaintiff went to work for Western Auto, and on April 26, while lifting a transmission from a car, he suf-

Thomas M. Hull, William C. Rieder, Haynes, Hull & Smoot, P. A., Tullahoma, H. J. Garrett, Garrett, Shields, LeQuire & Glandon, Manchester, for appellants.

Doyle E. Richardson, Forrester & Richardson, Tullahoma, for appellee.

fered another severe episode of acute lumbar strain. Plaintiff was hospitalized, treated with physical therapy and bed rest, and discharged on May 2, 1977. Doctor Cannon saw plaintiff in his office periodically through August 1977 and rated his permanent disability as fifteen percent clinically and thirty percent occupationally.

On direct examination Dr. Cannon testified that the cause of plaintiff's disability was the accident of November 28, 1976, and the accident of April 26, 1977. On cross examination by counsel for Indiana Lumberman's Mutual Insurance Company, he acknowledged that at the time of his examination of plaintiff on April 5, 1977, he was of the opinion and so reported in writing that plaintiff had fully recovered without any "permanent neurological damage and should fully recover." However, he continued to insist that plaintiff's permanent disability was based on both injuries, "in the sense that I think the second injury aggravated the pre-existing condition that he had from the initial injury."

Doctor Cannon's testimony would have supported a finding that plaintiff had recovered from the first injury on or about April 5, 1977, but it also supports the finding of the trial judge that plaintiff's disability resulted from the two accidental injuries. Doctor Cannon made no attempt to allocate a percentage of disability to each accident.

## II.

Defendant, Insurance Company of North America, relies upon *J. E. Greene Co. v. Bennett*, 207 Tenn. 635, 341 S.W.2d 751 (1960), the first of three Tennessee cases that have considered the issue of the liability of successive employers or insurers, for successive accidental injuries that combine to produce a permanent injury.

In *Bennett*, employee sustained the permanent loss of use of his left eye as a result of the combined trauma of two accidents that occurred while working for two different employers. The trial judge held the two employers equally liable and this Court affirmed, citing *White v. Taylor*, 5 So.2d 337 (La.App.1942).

Defendant, Indiana Lumberman's Mutual Insurance Company, relies upon *Baxter v. Smith*, 211 Tenn. 347, 364 S.W.2d 936 (1962) wherein a different result was reached. Employee Roberts sustained a severe back injury on April 1, 1958, while working for Smith. On February 2, 1959, while working for Baxter, he suffered a recurrence of his former back injury. This Court proceeded on the premise that the measure of liability as between the two employers could not be ascertained and addressed the issue of their respective liability. After an exhaustive consideration of authorities bearing upon the issue, the Court concluded that only the second employer was liable for the permanent disability resulting from the combined effect of the two accidental injuries. The rationale adopted by the Court was as follows:

"The rule then in Tennessee is that an employer takes an employee as he finds him. He is liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been the case.

This rule seems to be almost identical with the Massachusetts-Michigan rule indicated above. It is the rule in Tennessee that there must be a causal connection between the employment and the resulting injury or that the most recent injury casually related to the employment renders the employer at that time liable for full compensation for all of the resulting disability even though increased by aggravation of a previous condition of disease or injury of such employee." *Id.* at 361–62, 364 S.W.2d at 942–43.

Later in the opinion, the Court added these relevant comments:

"If we comply with the averments in the bill and allow a recovery on a fifty-fifty basis then this might or might not serve equity. The futility of proper apportionment of liability for separate injuries or

aggravation of pre-existing injuries is obvious and if applied would result in mere speculation by the Court." *Id.* at 364, 364 S.W.2d at 944.

*Baxter* involved a suit by the second employer and insurer against the first employer and insurer seeking equal contribution for the permanent disability benefits adjudged against Baxter, the second employer. Roberts had sued both employers but non-suited his action against the first employer, Smith, and obtained judgment in full for his permanent disability against the second employer, Baxter. However, the *Baxter* Court made it clear that the result would have been the same had Roberts continued his action against both employers.

■ *Globe Co. v. Hughes,* 223 Tenn. 37, 442 S.W.2d 253 (1969), approved the rule announced in *Baxter v. Smith, supra.* Employee, Hughes, suffered three separate accidental injuries to his right foot and toes, and the combined effect of the three injuries caused a permanent disability of the right leg. All three injuries were sustained while he was employed by Globe Company, but Maryland Casualty was the insurer at the time of the first injury, and a second insurance carrier provided coverage for the employer at the time of the second and third injuries. After quoting the rule adopted by the *Baxter* Court, Mr. Justice Humphreys, writing for the *Hughes* Court, said:

"So it is clear that the last employer or insurance carrier will be liable in full for any permanent disability resulting from the last of successive injuries under different employers or insurance carriers." 223 Tenn. at 43, 442 S.W.2d at 255.

Both *Baxter* and *Hughes* referred to *J. E. Greene Co. v. Bennett, supra,* without expressly overruling what appears to us to be an irreconcilable decision. In our opinion, the *Bennett* Court held, in a factual situation indistinguishable from *Baxter* or *Hughes,* that the two employers are equally liable for the resulting permanent disability. We approve the *Baxter-Hughes* rule.

Defendant, Insurance Company of North America, attacks the award on the grounds that there is no evidence to support it, that it rests on one physician's opinion based solely on subjective complaints, and that it was excessive because it exceeded the doctor's rating. Defendant's objections have no merit.

■ Doctor Cannon, the treating physician, and the only expert witness that testified, stated that his opinion of the permanency of plaintiff's disability was based upon "recurrent episodes of pain, muscle spasm, limitations of motion, etc. . . . ." Defendant, Insurance Company of North America, relies upon one page of its cross-examination for the proposition that Dr. Cannon's evaluation of permanency was based entirely on subjective complaints, but, of course, his testimony must be evaluated in its entirety. In *Travelers Ins. Co. v. Flatford,* 551 S.W.2d 695 (Tenn.1977), the insurer insisted that permanent disability could not be predicated solely on subjective symptoms, relying on *Bishop Baking Co. v. Forgey,* 538 S.W.2d 602 (Tenn.1976), and *Reynolds v. Liberty Mutual Ins. Co.,* 496 S.W.2d 890 (Tenn.1973). The medical testimony in *Flatford* was analogous, insofar as relevant to Insurance Company of North America's insistence here, and Mr. Justice Cooper, writing for the Court, responded to the contention in *Flatford* as follows:

"Dr. Gouffon was the treating physician. As such, his evaluation of appellee's physical condition was not based solely on appellee's subjective complaints, but was based on several physical examinations, some of which revealed objective signs of injury, the treatment afforded appellee over several months and appellee's response to that treatment. The fact that Dr. Gouffon noted no objective signs of injury on several examinations of appellee, though important in evaluating Dr. Gouffon's testimony, *per se* would not destroy the probative value of his testimony on the nature and extent of appellee's injuries." 551 S.W.2d at 697.

■ This record contains ample material evidence, both expert and lay, to support the trial judge's finding of sixty percent permanent partial disability.

The award of thirty percent permanent partial disability against Indiana Lumberman's Mutual Insurance Company is reversed, and this case is remanded to the Chancery Court of Coffee County for the entry of a decree awarding plaintiff permanent partial disability benefits of sixty percent to the body as a whole against Insurance Company of North America, and the enforcement thereof. Costs of this appeal are adjudged against Insurance Company of North America.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ.