Quinton RILEY, Plaintiff–Appellee,

v.

INA/AETNA INSURANCE COMPANY, Defendant–Third–Party Plaintiff–Appellant.

Sue Ann HEAD, Director of Division of Workers' Compensation, Department of Labor, State of Tennessee (Second Injury Fund), Defendant–Appellee,

v.

CARTER–CLICK COMPANY, INC., and Employers Insurance of Wausau, Third–Party Defendant–Appellee.

Supreme Court of Tennessee, at Jackson.

Feb. 10, 1992.

Robert O. Binkley, Jr., Lynn S. Binkley, Jackson, for defendant-third-party plaintiff-appellant.

Robert L. Sabbatini, Shuttleworth, Smith, Webb, McNabb and Williams, Memphis, for third-party defendant-appellee.

Ricky L. Boren, Hill, Boren, Drew & Martindale, Jackson, for plaintiff-appellee.

Charles W. Burson, Atty. Gen. & Reporter, Dianne Stamey Dycus, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

DROWOTA, Justice.

This workers' compensation case presents an appeal by Defendant–INA/AETNA Insurance Company of the trial court's award to Plaintiff-employee, Quinton Riley, of 30 percent permanent partial disability to the body as a whole. Defendant contends the trial court erred by failing to apply the "last injurious injury rule."

On March 7, 1989, Plaintiff Quinton Riley, a 44 year old truck driver with an existing 40 percent disability to the body as a whole[1], suffered a work-related back injury while employed by Through Transportation Company. He brought the present suit on May 2, 1989 against Through Transportation's insurance carrier, Defendant INA/AETNA. After undergoing surgery in June to remove several large, extruded disc fragments, Plaintiff was advised by his treating physician, Dr. Morris Ray, not to return to full-time truck driving. Subsequently, in January 1990, Plaintiff began work performing odd jobs for Carter–Click Company. At this time, Plaintiff had not reached maximum medical improvement from his March 1989 injury; however, Dr. Ray had released him with lifting and bending restrictions. Dr. Ray later testified that, had he been asked to assign Plaintiff a disability rating in January 1990, he would have assigned Plaintiff a five per-

cent permanent anatomical disability as a result of the March 1989 back injury.

On March 29, 1990, Plaintiff suffered another back injury while working for Carter–Click; this injury resulted in Plaintiff undergoing spinal fusion surgery in July 1990. On May 8, 1990, Plaintiff sued Carter–Click and the Second Injury Fund for workers' compensation benefits allegedly due him from the Carter–Click injury. This suit, presently pending in Dyer County Chancery Court, is pertinent to the case at bar only as it relates to Defendant's last injurious injury rule defense. On October 16, 1990, Defendant filed a third-party complaint against Carter–Click and its insurance carrier Employers Insurance of Wausau alleging the third-party defendants were totally responsible, under the last injurious injury rule, for any permanent disability benefits due Plaintiff.

We are thus presented with a novel issue respecting the operation of the last injurious injury rule; namely, whether the rule applies where separate suits have been brought against successive employers for separate injuries and there has been a medical assessment of permanent disability attributable to the first injury prior to the occurrence of the second injury. Resolution of this question requires examination of the last injurious injury rule's history in Tennessee.

We adopted the last injurious injury rule in *Baxter v. Smith*, 211 Tenn. 347, 364 S.W.2d 936 (1962). There, the employee suffered a work-related back injury at the Cookeville Pure Milk Company. Cookeville Milk recognized the injury as compensable and paid the employee temporary total disability benefits. After a period of recuperation, the employee attempted to return to his duties at Cookeville Milk but was terminated after a few days because of his physical inability to perform. Thereafter he obtained employment with H & J Auto Parts & Metals Company where he eventually reinjured his back. As a result of

---

1. In 1988 Plaintiff underwent two lower back surgeries as a result of an injury sustained during previous employment. This injury resulted in Plaintiff receiving a settlement for 40 percent permanent partial disability to the body as a whole. Neither this injury nor the resulting settlement award is germane to the present action.

this second injury, the employee obtained a judgment for permanent total disability benefits against H & J Auto Parts. H & J Auto Parts then sued Cookeville Milk for contribution on the basis of the Chancellor's finding that the employee's total disability resulted from an aggravation of his original Cookeville Milk injury. We found the doctrines of contribution and apportionment to be inconsistent with the Tennessee rule that "an employer takes an employee as he finds him." *See* 211 Tenn. at 361–62, 364 S.W.2d at 942–43. Further, we refused to engage in "mere speculation" in order to determine the amount of disability attributable to each accident. *See id.* at 364, 364 S.W.2d at 944. Instead, we held that an employer "is liable for disability resulting from injuries sustained by an employee arising out of and in the course of his employment even though it aggravates a previous condition with resulting disability far greater than otherwise would have been." *Id.* at 361, 364 S.W.2d at 942–43. This "last injurious injury rule" has been continually applied in subsequent decisions. *See, e.g., Bennett v. Howard Johnsons Motor Lodge,* 714 S.W.2d 273, 277–79 (Tenn. 1986); *Indiana Lumberman's Mut. Ins. Co. v. Ray,* 596 S.W.2d 816, 818–19 (Tenn. 1980); *Globe Co. v. Hughes,* 223 Tenn. 37, 42, 442 S.W.2d 253, 255 (1969); *Town of Newport v. Webb,* 223 Tenn. 445, 448, 446 S.W.2d 683, 684 (1969).

■ We most recently had occasion to apply the rule in *McCormick v. Snappy Car Rentals, Inc.,* 806 S.W.2d 527 (Tenn. 1991). Plaintiff there suffered separate injuries during successive employments; she then joined both employers in a single workers' compensation lawsuit and received separate judgments against each. We reversed, holding first that, procedurally, separate workers' compensation cases involving successive injuries should not be brought against different employers in a single workers' compensation action, and second that, in situations of successive injuries where there has been no previous assessment or award of disability, the last injurious injury rule controls, imposing liability on the second employer for the entire permanent disability. *See* 806 S.W.2d at

530, 531. It should be gleaned from *McCormick* that the rule is not applicable where separate suits are filed for each injury *and* where, prior to the second injury, there has been an assessment of permanent disability properly attributable to the first injury.

That separate suits, by themselves, are not sufficient to forestall application of the rule is evident from our decision in *Baxter.* Note the plaintiff there originally brought separate suits against each employer. Later, he voluntarily dismissed his suit against the first employer. Under the facts of that case, which included a lack of assessment of permanent disability prior to the second injury, we stated that even if the plaintiff had continued both suits, the first employer could not have been held liable. *See Baxter,* 211 Tenn. at 362, 364 S.W.2d at 943.

In the case before us, the Chancellor refused to apply the last injurious injury rule. Because separate suits were brought for each injury, the propriety of this ruling depends upon whether there was an assessment of Plaintiff's permanent disability prior to the occurrence of the second injury. We hold that the last injurious injury rule does not apply to the instant case because, unlike the situation in *Baxter, Bennett,* and *McCormick,* there was an assessment of Plaintiff's first-injury permanent disability *before* the occurrence of the second injury.

■ In June 1989, Plaintiff underwent the surgery necessitated by his March 1989 injury. Plaintiff was seen again for follow-up treatment on July 18, 1989; August 22, 1989; September 5, 1989; September 12, 1989; October 17, 1989; December 5, 1989; December 26, 1989; and January 23, 1990. On December 5, 1989, having completed a work-hardening program, Plaintiff discussed with Dr. Ray the doctor's recommendation that Plaintiff not continue full-time truck driving. On January 23, 1990, Dr. Ray physically examined Plaintiff and discussed with him the amount of discomfort that Plaintiff was experiencing in his new job with Carter–Click. Dr. Ray ex-

pected to see Plaintiff for the final time the next month for the final follow-up. Although Dr. Ray did not actually assign Plaintiff a permanent physical impairment rating prior to his subsequent injury at Carter–Click, Dr. Ray testified that, if asked in January 1990, he could have assigned Plaintiff an impairment rating and that rating would have been five percent permanent partial disability attributable to the March 1989 accident. Having treated Plaintiff and supervised his recovery for over six months, Dr. Ray was certainly capable of assessing Plaintiff's permanent impairment attributable to the first injury. Dr. Ray's testimony to this effect was an assessment of Plaintiff's permanent disability sufficient to forestall application of the last injurious injury rule.

The Chancellor's award of 30 percent permanent partial disability to the body as a whole is affirmed. Costs of this appeal are taxed to Appellant.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.